PinilisHalpern, LLP
William J. Pinilis (024721992)
160 Morris Street
Morristown, NJ 07960
Tel: (973) 401-1111/Fax: (973) 401-1114
Attorney for Plaintiff
File No.: 12212

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA GEIGER, CIELO JEAN GIBSON, RAQUEL GIBSON, JAIME EDMONSON LONGORIA, JESSICA KILLINGS, JOANNA KRUPA, URSULA MAYES, ERICA GRISBY, AND JESSICA BURCIAGA<br><br>Plaintiffs,<br><br>v.<br><br>SA & G CORP. d/b/a BLUSH GENTLEMEN'S CLUB,<br><br>Defendant. | Civil Action No.:<br><br>COMPLAINT AND JURY DEMAND FOR:<br><br>(1) Misappropriation of Likeness;<br>(2) Unfair Competition, 15 U.S.C. § 1125(a);<br>(3) Unfair Competition, N.J.S.A. 56:4-1; and,<br>(4) Unfair Competition. |

Plaintiffs Brenda Geiger, Cielo Jean Gibson, Raquel Gibson, Jaime Edmonson Longoria, Jessica Killings, Joanna Krupa, Ursula Mayes, Erica Grisby and Jessica Burciaga ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION

### A.    PLAINTIFFS

1.      Plaintiff Brenda Geiger ("Geiger") is, and at all times relevant to this action was, a professional model and actress, and a resident of New York.

2.      Plaintiff Cielo Jean Gibson ("C.J. Gibson") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

1

3.      Plaintiff Raquel Gibson ("R. Gibson") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

4.      Plaintiff Jaime Edmonson Longoria ("Longoria") is, and at all times relevant to this action was, a professional model and actress, and a resident of Florida.

5.      Plaintiff Jessica Killings ("Killings") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

6.      Plaintiff Joanna Krupa ("Krupa") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

7.      Plaintiff Ursula Mayes ("Mayes") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

8.      Plaintiff Erica Grisby ("Grisby") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

9.      Plaintiff Jessica Burciaga ("Burciaga") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

**B.      Defendant**

10.      Upon information and belief, SA & G Corp. ("SA & G") is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 125 Saddle River Avenue, South Hackensack, New Jersey 07606.

11.      Upon information and belief, SA & G is now, and at all times mentioned herein was, the operator of the Blush Gentlemen's Club ("Blush"), which is a strip club, located at 125 Saddle River Avenue, South Hackensack, New Jersey 07606.

12.      Upon information and belief, SA & G and/or Blush owns and/or operates (or owned and operated) various social media accounts, including Facebook

2

(https://www.facebook.com/blushgentlemensclub/),                    Instagram (https://www.instagram.com/explore/locations/44298262/blush-gentlemens-club/?hl=en) and its website (http://www.blushgc.com/)  through which it promotes its business, solicits customers, and advertises events for Blush.

13.     Upon information and belief, SA& G and/or Blush have, and at all times mentioned herein had, control over the content of its website and social media accounts.

## JURISDICTION AND VENUE

14.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, et seq. (the Lanham Act).

15.     Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in this judicial district.

## FACTUAL BACKGROUND

16.     Each Plaintiff is a professional model and actress who earns a living by commercializing her identity, image, and likeness through negotiated, arms-length transactions with reputable commercial brands and companies.

17.     A model's reputation directly impacts the commercial value associated with the use of her image, likeness, or identity to promote a product or service.

18.     Each Plaintiff expended and continues to expend substantial efforts, resources, and time in building her reputation in the modeling industry.

19.     Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

20.     Each Plaintiff's career in modeling, acting, and/or private enterprise has substantial value derived from the goodwill and reputation each has built.   Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

21.     As set forth herein, Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses and used them in its advertisements for its strip club and commercial gain.

22.     The following are Defendant's respective unauthorized uses of Plaintiffs' respective images identified so far. Upon information and belief, there are additional unauthorized uses by the Defendant of the Plaintiffs' images not yet identified by Plaintiffs.

| Plaintiff | Initial Pub. Date | Image URL |
|---|---|---|
| Geiger | 8/31/2017 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836.46418.108229239263540/1449929408426843/?type=3&the ater |
| Longoria | 2/4/2018 | https://www.instagram.com/p/BeyH0orAapV/?taken-by=blushnj |
| Krupa | 1/26/2017 | https://www.instagram.com/p/BPvvDDhBqT1/?taken-by=blushnj |
| Krupa | 1/19/2017 | https://www.instagram.com/p/BPdFj1cBpVx/?taken-by=blushnj |
| Krupa | 1/19/2017 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836.46418.108229239263540/1232125130207273/type=3&thea ter |
| C.J. Gibson | 1/28/2017 | https://www.instagram.com/p/BP0sDS6hDi6/?taken-by=blushnj |
| R. Gibson | 1/28/2017 | https://www.instagram.com/p/BP0sDS6hDi6/?taken-by=blushnj |
| C.J. Gibson | 1/28/2017 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836/1241337832619336/?type=3&theater |
| R. Gibson | 1/28/2017 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836/1241337832619336/?type=3&theater |
| Killings | 8/16/2016 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836/1083915635028224/?type=3&theater |
| Grisby | 8/16/2016 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836/1083915635028224/?type=3&theater |
| Mayes | 11/3/2017 | https://www.instagram.com/p/BbDfLZcFsgJ/?taken-by=djintence |
| Killings | 8/26/2016 | https://www.instagram.com/p/BJkubY3AMFv/?taken-by-djimpactpr |
| Grisby | 8/16/2016 | https://www.facebook.com/BlushNewJersey/photos/a.1732196060 97836/1083915635028224/?type=3&theater |
| Killings | 8/18/2016 | https://www.instagram.com/p/BJQeKqKAmoh/?taken-by-djimpactpr |

| Grisby | 8/18/2016 | https://www.instagram.com/p/BJQeKqKAmoh/?taken-by-djimpactpr |
| Killings | 9/13/2017 | https://www.instagram.com/p/BZAawY1AI2c/ |
| Burciaga | 12/13/2018 | https://www.facebook.com/photo.php?fbid=2239758376035194&set=pb.100000031594497.-2207520000..&type=3 |

23.     Defendant's uses of Plaintiffs' images and likenesses was for Defendant's commercial benefit, and falsely suggest Plaintiffs' respective sponsorship, affiliation, and participation in the Defendant's business.

24.     Defendant never sought or obtained permission for any use of any of Plaintiffs' images.

25.     None of the Plaintiffs have ever agreed, nor would they have agreed, to any use by Defendant of their respective images or likenesses to promote Defendant's business.

26.     Defendant have never paid any of the Plaintiffs for their unauthorized uses of Plaintiffs' respective images or likenesses.

27.     Defendant's unauthorized uses of Plaintiffs' respective images and likenesses is knowing, willful, and intentional.

## PLAINTIFFS' ALLEGATIONS

28.     Plaintiffs re-state and re-allege paragraphs 1-27 above, and incorporate the same by reference as though fully set forth herein.

### Plaintiff Brenda Geiger

29.     Plaintiff Geiger is a professional model.

30.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Geiger negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

31.     Defendant has never hired or contracted with Plaintiff Geiger to advertise, promote, market or endorse its business.

32.     In the images used by Defendant to promote its business and advertise upcoming events, Plaintiff Geiger is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Geiger.

33.     Defendant's appropriation of the images of Plaintiff Geiger were for the purpose of advertising or soliciting patronage of the establishments.

34.     Defendant has never sought Plaintiff Geiger's permission, nor did Plaintiff Geiger give Defendant permission to use the images to advertise and promote their clubs.

35.     Defendant have compensated Plaintiff Geiger for any use of her likeness or image.

36.     Defendant has actual knowledge that they were using Plaintiff Geiger's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Geiger's image and identity in total disregard of Plaintiff's rights.

37.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Geiger's image and likeness.

38.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Geiger's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

39.     Plaintiff Geiger has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Cielo Jean Gibson**

40.     Plaintiff C.J. Gibson is a professional model.

41.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff C.J. Gibson negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

42.     Defendant has never hired or contracted with Plaintiff C.J. Gibson to advertise, promote, market or endorse its business.

43.     In the images used by Defendant to promote its business and advertise upcoming events, Plaintiff C.J. Gibson is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff C.J. Gibson.

44.     Defendant's appropriation of the images of Plaintiff C.J. Gibson were for the purpose of advertising or soliciting patronage of Defendant's establishment.

45.     Defendant has never sought Plaintiff C.J. Gibson's permission, nor did Plaintiff C.J. Gibson give Defendant permission to use the images to advertise and promote their clubs.

46.     Defendant has never compensated Plaintiff C.J. Gibson for any use of her likeness or image.

47.     Defendant has actual knowledge that they were using Plaintiff C.J. Gibson's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff C.J. Gibson's image and identity in total disregard of Plaintiff's rights.

48.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff C.J. Gibson's image and likeness.

49.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff C.J. Gibson's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

50.     Plaintiff C.J. Gibson has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Raquel Gibson

51.     Plaintiff R. Gibson is a professional model.

52.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff R. Gibson negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

53.     Defendant has never hired or contracted with Plaintiff R. Gibson to advertise, promote, market or endorse its business.

54.     In the images used by Defendant to promote its business and advertise upcoming events, Plaintiff R. Gibson is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff R. Gibson.

55.     Defendant's appropriation of the images of Plaintiff R. Gibson was for the purpose of advertising or soliciting patronage of Defendant's establishment.

56.     Defendant has never sought Plaintiff R. Gibson's permission, nor did Plaintiff R. Gibson give Defendant permission to use the images to advertise and promote its club.

57.     Defendant has never compensated Plaintiff R. Gibson for any use of her likeness or image.

58.     Defendant has actual knowledge that it was using Plaintiff R. Gibson's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff R. Gibson's image and identity in total disregard of Plaintiff's rights.

59.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff R. Gibson image and likeness.

60.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff R. Gibson's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

61.     Plaintiff R. Gibson has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Jamie Edmondson Longoria**

62.     Plaintiff Longoria is a professional model.

63.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Longoria negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

64.     Defendant has never hired or contracted with Plaintiff Longoria to advertise, promote, market or endorse their businesses.

65.     In the images used by Defendant to promote their businesses and advertise upcoming events, Plaintiff Longoria is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Longoria.

66.     Defendant's appropriation of the images of Plaintiff Longoria were for the purpose of advertising or soliciting patronage of Defendant's establishment.

67.     Defendant has never sought Plaintiff Longoria's permission, nor did Plaintiff Longoria give Defendant permission to use the images to advertise and promote their clubs.

68.     Defendant has never compensated Plaintiff Longoria for any use of her likeness or image.

69.     Defendant has actual knowledge that they were using Plaintiff Longoria's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Longoria's image and identity in total disregard of Plaintiff's rights.

70.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Longoria's image and likeness.

71.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Longoria's image and likeness, Defendant's made profits or gross revenues in an amount to be established at trial.

72.     Plaintiff Longoria has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## **Plaintiff Jessica Killings**

73.     Plaintiff Killings is a professional model.

74.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Killings negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

75.     Defendant has never hired or contracted with Plaintiff Killings to advertise, promote, market or endorse their businesses.

76.     In the images used by Defendant to promote their businesses and advertise upcoming events, Plaintiff Killings is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Killings.

77.     Defendant's appropriation of the images of Plaintiff Killings were for the purpose of advertising or soliciting patronage of Defendant's establishment.

78.     Defendant has never sought Plaintiff Killings' permission, nor did Plaintiff Killings give Defendant permission to use the images to advertise and promote its club.

79.     Defendant has never compensated Plaintiff Killings for any use of her likeness or image.

80.     Defendant has actual knowledge that they were using Plaintiff Killings' image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Killings' image and identity in total disregard of Plaintiff's rights.

81.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Killings' image and likeness.

82.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Killings' image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

83.     Plaintiff Killings has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Joanna Krupa

84.     Plaintiff Krupa is a professional model.

85.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Krupa negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

86.     Defendant has never hired or contracted with Plaintiff Krupa to advertise, promote, market or endorse its business.

87.     In the images used by the Defendant to promote its business and advertise upcoming events, Plaintiff Krupa is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Krupa.

88.     Defendant's appropriation of the images of Plaintiff Krupa were for the purpose of advertising or soliciting patronage of Defendant's establishments.

89.     Defendant has never sought Plaintiff Krupa's permission, nor did Plaintiff Krupa give Defendant permission to use the images to advertise and promote their club.

90.     Defendant has never compensated Plaintiff Krupa for any use of her likeness or image.

91.     Defendant has actual knowledge that they were using Plaintiff Krupa's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Krupa's image and identity in total disregard of Plaintiff's rights.

92.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Krupa's image and likeness.

93.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Krupa's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

94.     Plaintiff Krupa has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Ursula Mayes**

95.     Plaintiff Mayes is a professional model.

96.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Mayes negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

97.     Defendant has never hired or contracted with Plaintiff Mayes to advertise, promote, market or endorse their businesses.

98.     In the images used by Defendant to promote their businesses and advertise upcoming events, Plaintiff Mayes is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Mayes.

99.     Defendant's appropriation of the images of Plaintiff Mayes were for the purpose of advertising or soliciting patronage of Defendant's establishment.

100.     Defendant has never sought Plaintiff Mayes' permission, nor did Plaintiff Mayes give Defendant permission to use the images to advertise and promote their clubs.

101.     Defendant has never compensated Plaintiff Mayes for any use of her likeness or image.

102.     Defendant has actual knowledge that they were using Plaintiff Mayes' image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Mayes' image and identity in total disregard of Plaintiff's rights.

103.     Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Mayes' image and likeness.

104.     As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Mayes' image and likeness, Defendant's made profits or gross revenues in an amount to be established at trial.

105.     Plaintiff Mayes has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

**Plaintiff Erica Grisby**

106.     Plaintiff Grisby is a professional model.

107.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Grisby negotiated and expressly granted

authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

108.    Defendant has never hired or contracted with Plaintiff Grisby to advertise, promote, market or endorse their businesses.

109.    In the images used by Defendant to promote their businesses and advertise upcoming events, Plaintiff Grisby is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Grisby.

110.    Defendant's appropriation of the images of Plaintiff Grisby were for the purpose of advertising or soliciting patronage of Defendant's establishment.

111.    Defendant has never sought Plaintiff Grisby's permission, nor did Plaintiff Grisby give Defendant permission to use the images to advertise and promote their clubs.

112.    Defendant has never compensated Plaintiff Grisby for any use of her likeness or image.

113.    Defendant has actual knowledge that they were using Plaintiff Grisby's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Grisby's image and identity in total disregard of Plaintiff's rights.

114.    Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Grisby's image and likeness.

115.    As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Grisby's image and likeness, Defendant's made profits or gross revenues in an amount to be established at trial.

116.    Plaintiff Grisby has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the

commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### Plaintiff Jessica Burciaga

117.  Plaintiff Burciaga is a professional model.

118.  In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Burciaga inegotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

119.  Defendant has never hired or contracted with Plaintiff Burciaga to advertise, promote, market or endorse their businesses.

120.  In the images used by Defendant to promote their businesses and advertise upcoming events, Plaintiff Burciaga is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Burciaga.

121.  Defendant's appropriation of the images of Plaintiff Burciaga were for the purpose of advertising or soliciting patronage of Defendant's establishment.

122.  Defendant has never sought Plaintiff Burciaga's permission, nor did Plaintiff Burciaga give Defendant permission to use the images to advertise and promote their clubs.

123.  Defendant has never compensated Plaintiff Burciaga for any use of her likeness or image.

124.  Defendant has actual knowledge that they were using Plaintiff Burciaga's image without necessary compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Burciaga's image and identity in total disregard of Plaintiff's rights.

125.    Defendant derived a direct commercial benefit from their unauthorized use of Plaintiff Burciaga's image and likeness.

126.    As a direct and proximate result of Defendant's unauthorized uses of Plaintiff Burciaga's image and likeness, Defendant's made profits or gross revenues in an amount to be established at trial.

127.    Plaintiff Burciaga has further been damaged as a direct and proximate result of Defendant's unauthorized use of her images, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

## COUNT I
### Misappropriation of Likeness

128.    Plaintiffs re-state and re-allege paragraphs 1 through 127 above, and incorporate the same by reference as though fully set forth herein.

129.    Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

130.    Defendant's uses of Plaintiffs' images and likenesses to advertise its business constitute a use for commercial purposes.

131.    Defendant's uses of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

132.    Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

133.    Defendant's use of each Plaintiffs' photographs and likenesses was willful and deliberate.

134.    As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip clubs, Defendant enjoyed increased revenues and profits.

135.    As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

**COUNT II**
**Unfair Competition / False Endorsement**
**Lanham Act, 15 U.S.C. §1125(a)**

136.    Plaintiffs re-state and re-allege paragraphs 1 through 135 above, and incorporate the same by reference as though fully set forth herein.

137.    Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity.

138.    Each Plaintiff enjoys a substantial social media following and has appeared in publications, television, and/or movies as described above.

139.    Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

140.    Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

141.    Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

142.    Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

143.    Without consent, Defendant placed Plaintiffs' respective images and likeness on advertisements promoting its strip club business.

144.    In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

145.    Plaintiffs and the Defendant are all in the entertainment industry and use similar marketing channels, including social media.

146.    Defendant misappropriated Plaintiffs' respective images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendant's strip club business.

147.    Defendant never sought any Plaintiff's consent to use any image or likeness.

148.    Plaintiffs never participated in, affiliated with, or endorsed Defendant's strip club business.

149.    Plaintiffs would not agree to allow their image or likeness to be used to promote Defendant's strip club business.

150.    Defendant, at all times mentioned herein, knew that it had no right to use Plaintiffs' images or likenesses to promote its strip club business.

151.    Plaintiffs, through their careers in modelling and acting, are well known among the customer base, which Defendant sought to reach with its advertisements.

152.    Indeed, Defendant chose Plaintiffs precisely because of their level of recognition among the demographic of consumers Defendant targets with its advertisements.

153.    Defendant clearly intended to create the false impression that Plaintiffs performed at or otherwise endorsed Defendant's business.

154.    Defendant placed the misappropriated images on the very same marketing channels (i.e. Facebook, Instagram, and Twitter) used by Plaintiffs to promote themselves.

155.    Defendant's misappropriation of Plaintiffs' respective images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendant's strip club business.

156.    Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's strip club business.

157.    Defendant knew or should have known that, given Plaintiffs' careers as professional models, obtaining the right to use their images and likenesses would have required consent and compensation.

158.    Defendant's repeated and brazen unauthorized uses of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

159.    As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

160.    As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

**<u>COUNT III</u>**
**Unfair Competition / False Endorsement**
**N.J.S.A. 56:4-1, et seq.**

161.    Plaintiffs re-state and re-allege paragraphs 1 through 160 above, and incorporate the same by reference as though fully set forth herein.

162.     The aforesaid acts of Defendant's unauthorized uses of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under N.J.S.A. 56:4-1.

163.     As a direct and proximate result of Defendant's schemes to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

164.     As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

165.     Defendant's wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs respectfully request treble damages as authorized by N.J.S.A. 56:4-2.

**COUNT IV**
**Common Law Unfair Competition**

166.     Plaintiffs re-state and re-allege paragraphs 1 through 165 above, and incorporate the same by reference as though fully set forth herein.

167.     The aforesaid acts of Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under the common law of New Jersey.

168.     As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's strip club, Defendant enjoyed increased revenues and profits.

169.     As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

1.      For actual, consequential, and incidental damages in an amount to be proven at trial;

2.      For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3.      For trebling of damages;

4.      For punitive damages in an amount to be proven at trial;

5.      For prejudgment interest in an amount proscribed by law;

6.      For disgorgement of Defendant's profits;

7.      For costs of this lawsuit including reasonable attorney's fees; and

8.      For such other and further relief as to this court seem just, proper and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

PINILISHALPERN, LLP
160 Morris Street
Morristown, New Jersey 07960
Telephone: (973) 401-1111
Facsimile: (973) 401-1114

Date: March 31, 2022

William J. Pinilis
wpinilis@consumerfraudlawyer.com