UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA GEIGER, CIELO JEAN GIBSON, RAQUEL GIBSON, JAIME EDMONSON LONGORIA, JESSICA KILLINGS, JOANNA KRUPA, URSULA MAYES, ERICA GRISBY, AND JESSICA BURCIAGA,<br><br>*Plaintiffs,*<br><br>v.<br><br>SA & G CORP. d/b/a BLUSH GENTLEMAN'S CLUB,<br><br>*Defendant.* | Civil Action No.: 2:22-cv-01797<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiffs Brenda Geiger ("Geiger"), Cielo Jean Gibson ("C.J. Gibson"), Raquel Gibson ("R. Gibson"), Jaime Edmonson Longoria ("Longoria"), Jessica Killings ("Killings"), Joanna Krupa ("Krupa"), Ursula Mayes ("Mayes"), Erica Grisby ("Grisby"), and Jessica Burciaga's ("Burciaga") (collectively "Plaintiffs") unopposed Motion for the Entry of Default Judgment,[1] ECF No. 10-4, against Defendant SA & G Corp (d/b/a. "Blush Gentleman's Club") ("Blush" or "Defendant");

and it appearing that this action arises from Defendant's unauthorized use of Plaintiffs' images and likenesses for commercial benefit, see generally Compl. ¶ 23, ECF No. 1;

and it appearing that Blush owns and operates various social media accounts that used Plaintiffs' images and likenesses in its advertisements for its strip club and for its own commercial gain, without Plaintiffs' consent, id. ¶ 21-22;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that Plaintiffs, who are professional models and actresses, earn their living by commercializing their identities, images, and likenesses through negotiated, arms-length transactions with reputable commercial brands and companies, id. ¶¶ 20-23;

and it appearing that Plaintiffs allege that Defendant's use of the Plaintiffs' images and likenesses was for Defendant's commercial benefit and "falsely suggest Plaintiffs' respective sponsorship, affiliation, and participation in the Defendant's business[,]" id. ¶ 23;

and it appearing that on March 31, 2022, Plaintiffs filed this instant action against Defendant, alleging four counts, including: (1) misappropriation of likeness for a commercial purpose ("Count I"), (2) violations of the Lanham Act pursuant to 15 U.S.C. § 1125(a) ("Count II"), (3) violations of N.J.S.A. § 56-4:1 for unfair competition and false endorsement ("Count III"), and (4) unfair competition under New Jersey common law ("Count IV"), see generally Compl. ¶¶ 128-166;

and it appearing that as of the date of this Order, Defendant has failed to answer or otherwise respond to the Complaint;

and it appearing that on July 12, 2022, the Clerk of the Court entered default against Defendant, ECF No. 6;

and it appearing that on January 9, 2023, Plaintiffs filed the instant Motion, seeking default judgment on all counts asserted in the Complaint, ECF No. 10;

and it appearing that the Court may enter default judgment only against only properly-served defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service on Defendant, see ECF No. 4;

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that there is an independent basis for subject matter jurisdiction because the Court has federal question jurisdiction over this action pursuant to 18 U.S.C. § 1331 as Plaintiffs allege Defendant violated 15 U.S.C. §1125(a) of the Lanham Act, compl. ¶ 14, see e.g., Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc., No. 11–4380, 2012 WL 3599368 at *3 (D.N.J. Aug. 17, 2012) (finding subject matter jurisdiction over plaintiff's Lanham Act claims pursuant to 28 U.S.C. § 1331);

and it appearing that this Court must also determine whether it has supplemental jurisdiction[2] over Plaintiffs' state law claims for misappropriation of likeness for a commercial purpose and unfair competition, see generally Cosmetics Warriors Ltd. v. Nailush LLC, No. 17-1475, 2017 WL 5157390, at *2 (D.N.J. Nov. 6, 2017) (exercising supplemental jurisdiction over plaintiff's state law claims for trademark infringement and unfair competition and ordering a default judgment);

and it appearing that supplemental jurisdiction may be exercised here because Plaintiffs' state claims for misappropriation of likeness for commercial purpose and unfair competition arise from the same "common nucleus of operative fact" as the federal claim under the 15 U.S.C. § 1125(a) of the Lanham Act, all of which are due to Defendant's alleged unauthorized use of

---

[2] Federal courts may exercise supplemental jurisdiction over state law claims when there is an independent basis for subject matter jurisdiction, such as federal question jurisdiction or diversity of citizenship jurisdiction. See 28 U.S.C. § 1367(a). Particularly, courts may exercise supplemental jurisdiction over state law claims that form "part of the same case or controversy." See id.; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.").

Plaintiffs' images and likeness for commercial gain, see Compl. ¶¶ 143-48; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966);

and it appearing that to determine whether personal jurisdiction over the defendant exists, the Court must consider whether "under the Due Process Clause, the defendant[s] ha[ve] certain minimum contacts with [New Jersey] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice," O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks and citation omitted);

and it appearing that Defendant's state of incorporation and principal place of business in New Jersey provides a valid basis for personal jurisdiction in New Jersey, Compl. ¶¶ 10-11;

and it appearing that venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is located in this judicial district;

and it appearing that the Court must determine whether Plaintiffs have stated a sufficient cause of action and have proven damages before it enters default judgment, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008);

and it appearing that in Count I Plaintiffs allege a misappropriation of likeness claim under New Jersey state law, see Compl. ¶ 128;

and it appearing that to establish a claim of a misappropriation of likeness for commercial purpose in New Jersey, a plaintiff must show "1) the defendant appropriated the plaintiff's likeness, 2) without the plaintiff's consent, 3) for the defendant's use or benefit, and 4) damage[,]" Hart v. Electronic Arts, Inc., 740 F.Supp.2d 658, 665 n.5 (D.N.J. 2010);

and it appearing that Plaintiffs allege that on multiple occasions from 2016 through 2018, Defendant published several photos of Plaintiffs' images and likenesses on social media platforms to promote its strip club for commercial gain without Plaintiffs' consent, Compl. ¶¶ 21-22;

and it appearing that Plaintiffs allege that Defendant's unauthorized use of their images and likenesses resulted in damages constituting the loss of Plaintiffs' "exclusive right to control the commercial exploitation of [their] name, photographs, and likeness[,]" see generally id. ¶ 39;

and it appearing that Plaintiffs further allege that Defendant's use of each Plaintiff's photograph created the false impression that Plaintiffs were affiliated with Defendant's strip clubs and Defendant therefore "enjoyed increased venues and profits[,]" as a result of Defendant's "scheme to create the false impression[,]" id. ¶ 134;

and it appearing that Court finds that Plaintiffs stated a sufficient misappropriation of likeness claim under Count I;

and it appearing that Plaintiffs next allege under Count II that Defendant's unauthorized use of Plaintiffs' images and likenesses constitute a false endorsement in violation of 15 U.S.C. § 1125(a) of the Lanham Act, see Compl. ¶¶ 148-60;

and it appearing that for Plaintiffs to prove a false-endorsement claim under 15 U.S.C. § 1125(a), they must prove that "(1) its mark is legally protectable; (2) it owns the mark; and (3) the defendant's use of the mark to identify its goods or services is likely to create confusion concerning the plaintiff's sponsorship or approval of those goods or services[,]" Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1014 (3d Cir. 2008) (citing 15 U.S.C. § 1125(a));

and it appearing that each Plaintiff alleges that she has a "valid and protectable mark in the form of [her] persona, image, likeness, and identity" as a model, Compl. ¶¶ 137-40, and holds an exclusive right to control the use of her image and likeness by considering "the reputation of the potential client and the good or service being promoted[,]" id. ¶¶ 141-42;

and it appearing that Plaintiffs sufficiently allege that the Defendant's use of their images and likenesses created the false impression that Plaintiffs are "affiliated with, have endorsed, or

5

otherwise participate in Defendant's strip club business" because of Plaintiffs' recognition among the strip club's patrons, id. ¶¶ 146-53;

and it appearing that the Court finds Plaintiffs sufficiently allege a false endorsement claim pursuant to 15 U.S.C. § 1125(a);

and it appearing that Plaintiffs also allege unfair competition under N.J.S.A. § 56-4:1 and New Jersey common law in Counts III and IV, respectively,[3] see Compl. ¶¶ 161-69;

and it appearing that New Jersey statutory and common law for unfair competition consists of the same elements as those under the Lanham Act, see Buying For The Home, LLC v. Humble Abode, LLC, 459 F. Supp. 2d 310, 317-18 (D.N.J. 2006) ("Because the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition . . . under New Jersey statutory and common law, the Court's analysis below extends to Plaintiff's state law claims as well[,]");

and it appearing that the Court therefore finds Defendant's acts satisfy the elements of a violation of New Jersey common law and N.J.S.A § 56:4-1 for unfair competition, because it finds Plaintiffs adequately alleged a Lanham Act claim, see Compl. ¶¶ 166-69;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that the Lanham Act authorizes courts to award monetary damages, including "'(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of

---

[3] N.J.S.A. § 56:4-1 states that "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trademark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. § 56:4-1. Plaintiffs accordingly request treble damages pursuant to N.J.S.A. § 56:4-2. N.J.S.A. § 56:4-1 is the statutory equivalent of the Lanham Act. See Video Pipeline, Inc. v. Buena Vista Home Ent., Inc., 210 F. Supp. 2d 552, 560-61 (D.N.J. 2002).

the action[,]'" but the monetary relief "'shall constitute compensation and not a penalty[,]'" Newborn Bros. Co. v. Albion Engineering Co., 481 F. Supp. 3d 312, 359 (D.N.J. 2020) (quoting 15 U.S.C. § 1117(a)), while under N.J.S.A § 56:4–2 a plaintiff may recover for damages that result "directly or indirectly" from the misappropriation and "damages may be trebled at the discretion of the court," see N.J.S.A. § 56:4–2;

and it appearing that Plaintiffs allege the actual damages suffered totals $750,000.00, based on a "comprehensive retroactive assessment that would be accounted for in proper modeling negotiation process," see Declaration of Stephen Chamberlin, ECF No. 10-3 at 17;

and it appearing that Plaintiffs specifically calculated their damages by adding together each individual Plaintiff's (1) "day rate,"[4] (2) the number of images used by Defendant, and (3) the type of usage for each image, as would typically be accounted for in a typical modeling contract, see Chamberlin, Decl., Ex. B;

and it appearing that Plaintiffs explain in detail how they arrived at each Plaintiff's individual day rate and why they multiplied that figure based on the number of images the Defendant used and how the image was used, as would occur in any negotiation involving the Plaintiffs' images or likenesses, see id. at 10-18;

and it appearing the Court finds Plaintiffs calculation of damages is not unreasonable;

and it appearing that after a court is satisfied that the prerequisites for entering default have been met, it must consider the following three factors: 1) "prejudice to the plaintiff if default is denied"; 2) "whether the defendant appears to have a litigable defense"; and 3) "whether

---

[4] "The basis of all negotiations in the [modeling] industry is [the] establishment of a day rate for work by the model. This is the base rate of compensation . . . for the model's time on the day of the shoot." Chamberlin Decl., at 6. Factors considered in arriving at a model's day rate include, but are not limited to: the model's desirability, social media following, current press coverage, the model's audience engagement, and the nature of the business seeking the model's service. Id.

7

defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiffs would suffer prejudice if the Court denied default judgment because denial would further delay compensating Plaintiffs for damages suffered from Defendant's unauthorized use of Plaintiffs' images and likenesses, see Malik v. Hannah, 661 F.Supp.2d 485, 490–91 (D.N.J. 2009);

and it appearing that accepting the allegations in the Complaint as true, Defendant does not have a meritorious defense, see HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan 22, 2015) (weighing this factor in the plaintiff's favor where the defendant failed to respond with "evidence or facts containing information that could provide the basis for a meritorious defense");

and it appearing that Defendant's failure to respond to the Complaint demonstrates culpable conduct, see Slover v. Live Universe, Inc., No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is . . . presumed culpable where it has failed to answer, move, or otherwise respond.");

and it appearing that all three factors support the entry of default judgment;

**IT IS** on this 25th day of August, 2023;

**ORDERED** that Plaintiffs' Motion for Default Judgment against SA & G Corp (d/b/a. "Blush Gentleman's Club), ECF No. 10-4, is hereby **GRANTED** and it is further **ORDERED** that judgment is hereby entered against Defendant in the aggregate amount of $750,000.00 for damages;

If no additional motions are filed, the case will be closed on October 1, 2023.

*/s Madeline Cox Arleo*

**Hon. Madeline Cox Arleo**
**United States District Judge**

9